UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MICHAEL L. LIBECAP, SR.,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:16-cv-374

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

    This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 10), the Commissioner's memorandum in opposition (doc. 11), the administrative record (doc. 3),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 404.1520 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

# I.

## A. Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of May 11, 2013. PageID 245-54. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, degenerative disc disease, no-epileptic seizure disorder, cognitive disorder, depression and anxiety. PageID 42.

After initial denial of his applications, Plaintiff received a hearing before ALJ Paul Armstrong on February 19, 2015. PageID 62-102. The ALJ issued a written decision on March 5, 2015 finding Plaintiff not disabled. PageID 46-56. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium work,[4] "there are jobs in that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 50, 54.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 22-24. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

## B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 48-54), Plaintiff's Statement of Errors (doc. 10) and the Commissioner's memorandum in opposition (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

---

[4] "Medium work" involves the occasional lifting of 50 pounds at a time, and frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. § 404.1567. Medium work can require standing and walking as much as six hours during any given eight-hour workday. *Id.* It may also involve frequent stooping, grasping, holding, and turning objects. *Id.* "The functional capacity to perform medium work includes the functional capacity to perform sedentary, light, and medium work." 20 C.F.R. § Pt. 404, Sub Pt. P, App. 2, § 203.00(a).

## II.

**A.  Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria.  42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007).  In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971).  When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled.  *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).  Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009).  "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

**B.  "Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act.  42 U.S.C. § 423(d)(1)(A).  Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable"

and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff focuses on the ALJ's assessment of his cognitive disorder. In doing so, Plaintiff alleges that the ALJ erred in: (1) assessing his credibility; and (2) determining his RFC by misinterpreting and failing to weigh the opinion of examining neuropsychologist

Nicholas A. Doninger, Ph.D.[5] Doc. 10 at PageID 1168-71. The undersigned concludes that the ALJ erred in relying on Dr. Doninger's opinion to undermine Plaintiff's credibility concerning the limiting effects of his cognitive disorder.

The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Plaintiff testified that he was unable to work because of his lack of memory. PageID 78. In finding Plaintiff's testimony in this regard not entirely credible, the ALJ relied significantly on a report authored by Dr. Doninger, who performed a neuropsychological evaluation of Plaintiff

---

[5] It is not entirely clear whether Dr. Doninger is a "treating" or "examining" medical source. A "treating physician" is a plaintiff's "own physician, psychologist, or other acceptable medical source who provides . . . or has provided . . . medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with" the plaintiff. 20 C.F.R. § 404.1502. Dr. Doninger's relationship with Plaintiff appears to consist only of the November 2014 neuropsychological evaluation (PageID 1153-57) and, thus, for purposes of this appeal, the undersigned concludes that Dr. Doninger is an examining source.

in November 2014.  PageID 51-53, 1152.  In his report detailing Plaintiff's examination, Dr. Doninger noted that, despite Plaintiff's efforts and cooperative nature, he had "a hard time thinking or remembering at times, and often took a long time to think about his answer"; had difficulty remembering "how far he went in high school and how long he has been married"; "had difficulty remembering numbers on a task of mental arithmetic and often asked for repetition"; and "was slow at reading and filling out forms."  PageID 1153.  Dr. Doninger also noted that Plaintiff "evidenced severely to elevated symptoms of depression and anxiety."  PageID 1156.

Dr. Doninger's performance testing revealed that Plaintiff suffered severe to profound impairments with regard to memory, as well as moderate to severe impairments with regard to his familiarity with the meaning of certain words.  PageID 1155.  Dr. Doninger found that Plaintiff suffered from "a major neurocognitive disorder" compounded by "severe symptoms of depression and anxiety[.]"  PageID 1156.  Dr. Doninger made a number of treatment recommendations including the following:

> Repetition, structure, and routine are known to help with memory and attention and may help Mr. Libecap to maximize his current cognitive abilities. Setting a routine time and location for activities can reduce cognitive demands and confusion . . . Additionally, minimizing external stimulation (e.g. by turning off the radio of television) may minimize distractions and help with memory and concentration. Learning will be easiest for him when information is presented multiple times, rather than in a single instance.

PageID 1157.  Notably, Dr. Doninger offered no specific opinions regarding Plaintiff's ability to perform work-related activities on a sustained basis.  *Id*.

In assessing Plaintiff's credibility, the ALJ referenced Dr. Doninger's treatment recommendations throughout his decision and relied significantly on them to undermine the severity of Plaintiff's cognitive disorder and the resulting work-related limitations.  PageID 51-53.  The undersigned agrees with Plaintiff that the ALJ stretches Dr. Doninger's

6

recommendations too far. Doc. 10 at PageID 1168. Again, Dr. Doninger found severe to profound impairments with regard to Plaintiff's memory (PageID 1156-57) and, contrary to the ALJ's suggestion, Dr. Doninger's report appears to bolster, rather than undermine, Plaintiff's credibility concerning the limiting effects of his cognitive disorder -- most specifically, his severe to profound memory impairment. As a result, the ALJ's credibility finding -- concerning the limiting effects of Plaintiff's cognitive disorder -- is unsupported by substantial evidence.

Aside from the foregoing, the undersigned is concerned with the lack of medical source opinion evidence of record setting forth specific work-related limitations resulting from Plaintiff's cognitive disorder – and, particularly, assessing those limitations in light of the significant clinical findings and abnormal tests results noted by Dr. Doninger. *See* PageID 1153-57. The ALJ acknowledged that record reviewing psychologists Carl Tishler, Ph.D. and Ty Payne, Ph.D. both offered opinions concerning Plaintiff's work-related limitations, but did so while "ignor[ing] [Plaintiff's] cognitive deficits as shown during neurological testing." PageID 53, 132-33, 149-50, 492-97. Any RFC offered by the ALJ in the absence of any such opinion is unsupported by substantial evidence. *See Bryant v. Comm'r of Soc. Sec.*, No. 3:15-CV-354, 2017 WL 489746, at *4 (S.D. Ohio Feb. 7, 2017), *report and recommendation adopted sub nom. Bryant v. Berryhill*, No. 3:15-CV-354, 2017 WL 713564 (S.D. Ohio Feb. 22, 2017) (citing *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 912 (N.D. Ohio 2008)).

Based upon the foregoing, the ALJ's non-disability finding is unsupported by substantial evidence, and should be reversed.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the

Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, evidence of disability is not overwhelming, and remand for further proceedings is proper. On remand, the ALJ should assess Plaintiff's credibility anew and obtain medical source opinion evidence regarding the functional limitations arising from Plaintiff's cognitive disorder.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date:  August 4, 2017                s/ Michael J. Newman
                                                              Michael J. Newman
                                                              United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).